# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### GREEN BAY DIVISION

| | | |
|---|---|---|
| TREE-B-GONE LLC, | ) | |
| | ) | Case No. 1:26-cv-1357 |
| Plaintiff, | ) | |
| | ) | **NOTICE OF REMOVAL OF** |
| v. | ) | **ACTION UNDER 28 U.S.C. § 1441** |
| | ) | **(Diversity Jurisdiction)** |
| TRAVELERS PERSONAL INSURANCE | ) | |
| COMPANY, | ) | CIRCUIT COURT |
| | ) | OUTAGAMIE COUNTY, WI |
| Defendant. | ) | No. 2026CV000770 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, TRAVELERS PERSONAL INSURANCE COMPANY ("Travelers"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, hereby removes to this Court the state court action described below:

1. On July 2, 2026, Plaintiff, TREE-B-GONE LLC ("Tree-B-Gone"), filed an action in the Circuit Court for Outagamie County, Wisconsin, under Case No. 2026 CV 000770, against Defendant Travelers. Plaintiff's Complaint is attached hereto as Exhibit A and incorporated herein by reference.

2. On July 8, 2026, Travelers was served with the Complaint and Summons.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) and (2)(B) as it is filed within thirty (30) days after Travelers' receipt of Plaintiff's Complaint on or after July 8, 2026.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Travelers pursuant to the

provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff Tree-B-Gone was and is a Wisconsin limited liability company. The members of Tree-B-Gone were and are citizens of the State of Wisconsin.

6. At the time the Complaint was filed, and at all times subsequent thereto, Defendant Travelers was and is a Connecticut corporation with its principal place of business in the State of Connecticut.

7. The amount in controversy exceeds $75,000. 28 U.S.C. 1446(c)(2) permits a defendant to assert the amount in controversy where the amount is not stated in the state court pleading. 28 U.S.C. 1446(c)(2) (2012). Removal is proper where "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.*

8. The Seventh Circuit has established a low threshold for defendants in establishing the amount in controversy. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Barbers, Hairstyling For Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997). "Removal is proper if the defendant's estimate of the stakes is plausible." *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

9. In its Complaint, Tree-B-Gone seeks damages in the amount of $21,959.83 for alleged breach of contract, together with statutory damages under Wis. Stat. § 628.46, attorney's fees, costs, interest, and punitive damages arising from Plaintiff's bad faith claims. Ex. A. ¶ 21, ¶¶ 45-48, ¶49-50, ¶51-54.

10. In a bad faith action, a successful plaintiff may recover compensatory damages, punitive damages of up to two times compensatory damages or $200,000, whichever is greater, and attorney's fees. *Klein v. Travelers Indemnity Co. of America*, No. 23-cv-69-jdp, 2024 WL 3251790, at *3 (W.D. Wis. May 16, 2024), citing *Anderson v. Continental Insurance Co.*, 85 Wis. 2d 675, 694, 271 N.W.2d 368 (1978), and Wis. Stat. § 895.043. The availability of punitive damages must also be considered in determining whether the amount in controversy requirement is satisfied. *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000). If punitive damages are available, subject matter jurisdiction exists unless it is "legally certain" that the plaintiff will be unable to recover the requisite jurisdictional amount. *LM Insurance Corp. v. Spaulding Enterprises, Inc.*, 533 F.3d 542, 551 (7th Cir. 2008).

11. Wisconsin law provides that punitive damages "may not exceed twice the amount of any compensatory damages recovered by the plaintiff or $200,000, whichever is greater." Wis. Stat. § 895.043(6). Accordingly, the punitive damages placed in controversy alone may reach $200,000, well in excess of the jurisdictional threshold.

12. Even assuming, arguendo, that punitive damages are limited to twice Tree-B-Gone's claimed compensatory damages, i.e., $43,919.66 ($21,959.83 x 2), Tree-B-Gone's combined claimed compensatory and punitive damages would total $65,879.49, before accounting for Tree-B-Gone's claim for attorney's fees.

13. For purposes of determining the amount in controversy, attorney's fees may be included to the extent they were incurred as of the time of removal. *Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 844-45 (7th Cir. 2014). Assuming at least $9,120.51 in accrued attorney's fees (the difference between $75,000 and Tree-B-Gone's claimed compensatory and

3

punitive damages) is modest, reasonable, and consistent with ordinary pre-filing work in an insurance bad faith action.

14.     Travelers denies that it acted in bad faith or that punitive damages are warranted. Nevertheless, for purposes of determining the amount in controversy, because it is not legally certain that Tree-B-Gone will be unable to recover $75,000, this Court has subject-matter jurisdiction.

15.     Prompt written notice of this removal is being provided to Tree-B-Gone, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Outagamie County as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, TRAVELERS PERSONAL INSURANCE COMPANY, prays that the above-entitled cause, currently pending in the Circuit Court for Outagamie County, Wisconsin, under Case No. 2026 CV 000770, be removed therefrom to the United States District Court for the Eastern District of Wisconsin and proceed in this Court as an action properly removed thereto.

Respectfully submitted,

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312.863.5000
torlando@fgppr.com

Attorneys for Defendant,
TRAVELERS PERSONAL INSURANCE COMPANY

4

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, on oath, subject to penalty of perjury, state that I served the Notice of Removal and Appearance, by emailing to all counsel of record on August 7, 2026, at the email address set forth below.

**<u>Attorneys for Plaintiff</u>**
Erik L. Fuehrer
Remley Law, S.C.
2 Neenah Center, Suite 100
Neenah, WI 54956
920-725-2601
efuehrer@remleylaw.com

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312.863.5000
torlando@fgppr.com